UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

U.S. DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED

2011 NOV 15 ⼿ 4: 32

BY_____
DEPUTY CLERK

JOHN M. MILLAY,

Plaintiff

v.

STATE OF MAINE,
DEPARTMENT OF LABOR
(BUREAU OF REHABILITATION,
DIVISION FOR THE BLIND
AND VISUALLY IMPAIRED),

Defendant

Civil Action No.

*1:11-cv-00438-NT*

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
### EMERGENCY INJUNCTIVE RELIEF REQUESTED

Plaintiff John M. Millay, pro se, hereby complains against Defendant, State of Maine

Department of Labor (Bureau of Rehabilitation, Division for the Blind and Visually

Impaired), as follows:

### JURISDICTION AND PARTIES

1.   This action arises under the Maine Human Rights Act (MHRA), 5 M.R.S.A. 4551 et

seq., the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 et seq., and Section

504 of the Rehabilitation Act of 1973 (Section 504), 42 U.S.C. 794.

2.   Plaintiff is a citizen of the United States and a resident of Hancock County, Maine.

3.   Defendant is a political subdivision of the State of Maine.

4.   The matter in controversy involves a federal question.

5.   All of the discriminatory practices alleged herein were committed within the State of

Maine.

1

6.     Defendant is subject to the jurisdiction of this Court.

7.     Defendant, Maine Department of Labor, is a recipient of federal funds.

8.     This Court has proper subject matter jurisdiction over Plaintiff's federal claims

pursuant to 28 U.S.C. 1343 (a)(3) and (a)(4) and 28 U.S.C. 1331.

9.     The Court has subject matter jurisdiction over Plaintiff's state claims pursuant to 28

U.S.C. 1332.

10.    This action properly lies in the District of Maine pursuant to 28 U.S.C. 1391(b)

because the claims arose in this judicial district.


### JURY TRIAL DEMAND

11.    Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a

trial by jury on all issues triable of right by jury.


### STATEMENT OF FACTS

12.    Plaintiff is totally blind and suffers from post traumatic stress disorder due to

significant traumatic life events related to his disability of blindness.  Plaintiff was

kidnapped from his home and intentionally blinded during childhood in his native

country.  He was forced by a gang to beg in the street, until his health became

impaired.  He was taken to an orphanage, where he remained until age twelve.

13.  At all material times, Plaintiff had a physical disability and a psychological

disability within the meaning of the MHRA, 5 M.H.R.A. 4553-A.  Plaintiff's disabilities

substantially limit major life activities.

2

14.  At all material times, Plaintiff had a physical disability and a psychological disability within the meaning of the ADA, 42 U.S.C. 12102 (2).  Plaintiff's disabilities substantially limit major life activities.

15.  At all times, Plaintiff had a physical disability and a psychological disability within the meaning of Section 504 of the Rehabilitation Act of 1973.  Plaintiff's disabilities substantially limit major life activities.

16.  Plaintiff had a record of a physical disability and a psychological disability and was regarded by Defendant as having a physical disability and a psychological disability.

17.  At all material times, Plaintiff was otherwise qualified for services provided by Defendant with or without reasonable accommodations.

18.  Between June 2007, when Plaintiff graduated high school, and the present time, Defendant failed to provide Plaintiff with essential, federally mandated accommodations to assist him to participate in job training programs toward future employment.

19.  During the 2007-08 and 2008-09 school years during which Plaintiff attended the University of Maine, Defendant failed to assist Plaintiff to receive texts and materials in accessible format or to receive tutoring, so that Plaintiff, a non-native English speaker, became severely disadvantaged.

20.  In the fall of 2009, Defendant then offered to assist Plaintiff to participate in the Business Enterprise Program, a training program directly administered by the Maine Department of Labor's Bureau of Rehabilitation, Division for the Blind, on condition that

he withdraw from the University of Maine and develop a new employment plan.

21.    After Plaintiff did choose the option to participate in the Business Enterprise Program and withdrew from the University, Defendant's caseworker Becky Brady arranged a meeting with Plaintiff, the Business Enterprise Program director, and herself, also in the fall of 2009.  The Business Enterprise Program director then informed Plaintiff that the program had in fact already been closed to new participants.

22.    In January 2010, Defendant's staff person Jeffrey A. Jones next assisted Plaintiff to enroll in the Penobscot Job Corps culinary arts vocational program, a federally funded program in Bangor, Maine.

23.    Plaintiff met all of the qualifications for enrollment in this program also. Nevertheless, Plaintiff's admission to the program, which ordinarily takes weeks, was delayed for more than a year while Defendant's caseworker Becky Brady of the Division for the Blind failed to respond to requests from staff of the Penobscot Job Corps to meet to discuss disability-related safety accommodations for a blind student.

24.    Finally, Plaintiff himself purchased and provided some accommodations, including a computer with accessible software, essential for a blind student to participate in the academic part of the program.  Defendant provided one orientation and  mobility session, promised further assistance, and failed to do so or to return further telephone calls from Penobscot Job Corps personnel.

25.    The culinary arts program is a day program, no portion of which takes place in the residential part of the campus.  Although Penobscot Job Corps program participants from

4

other states and from regions of Maine outside of the Bangor area may reside on campus, Plaintiff was informed by Penobscot Job Corps staff that due to his blindness and to the restive nature of the campus, he would be served as a commuter student.

26.   During meetings in July 2010 with Defendant's staff person Jeffrey A. Jones, Penobscot Job Corps personnel, and Plaintiff, all agreed that Plaintiff would not live on campus, but would commute from his home in Hancock County.

27.   Job Corps personnel stated that it could provide its standard transportation reimbursement for up to 27 miles round trip daily, only.

28.   Plaintiff stated that he would require transportation 46 miles each way and reimbursement for a driver, since no public transportation was available.   When Defendant failed to assist, the Maine Disability Rights Center,  on behalf of Plaintiff, requested this accommodation of Defendant.  In reply, Defendant began to insist that Plaintiff reside on campus, which cost would be borne by the Job Corps Program.

29.   Plaintiff's admission to Job Corps was then further delayed until February 2011, at which time Plaintiff's family arranged to begin dropping him off and picking him up daily, a round trip travel of four hours daily, so that he could attend the program.

30.   Plaintiff requested to receive his file from Defendant in any accessible format, and never received it, obstructing him from having Defendant's record of these events.

31.   During an administrative hearing, Defendant claimed that Plaintiff's disabilities of blindness and post-traumatic stress disorder did not qualify him for accommodations.

5

32.   Further, although Job Corps personnel informed Plaintiff that they had repeatedly requested safety accommodations in the kitchen, Defendant failed to provide any, with the result that, on October 31, 2011, Plaintiff was injured in the kitchen and taken from Job Corps to the emergency room at St. Joseph Hospital in Bangor, Maine.

33.   Following treatment for his injury, Plaintiff was on medical leave through November 11, 2011.  Plaintiff has now purchased some of his own safety equipment.

34.   However, Plaintiff's family vehicle, overtaxed by the four hours' daily drive, is no longer fit to transport him so that he lacks transportation to continue in the program.

35.   Plaintiff is in good standing in the Job Corps program.  His instructors have given him above average ratings in all areas.  He has faithfully attended and materially participated in all trainings, meetings, and activities.

36.   Due to the loss of transportation and to his preventable injury, Plaintiff's progress in his employment training program has been interrupted, despite his extraordinary effort to participate.

37.   At all material times, Defendant disregarded objective medical information and failed to engage in a meaningful dialogue regarding Plaintiff's medical conditions.

38.   Over the course of Plaintiff's employment training, Defendant failed to provide essential accommodations, failed to respond to Plaintiff's urgent letters and telephone calls, and failed to respond to requests for support even from Penobscot Job Corps staff.

39.   Defendant unlawfully discriminated against Plaintiff because of his disabilities by

6

not making reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability.

40.   As a result of Defendant's unlawful discrimination against Plaintiff, he incurred expenses of commuting in the amount of more than $11,000.

41.   Plaintiff suffered physical injury, loss of self-esteem, injury to future employment, emotional distress, pain and suffering, and other pecuniary and non pecuniary losses.

42.   Defendant has unlawfully discriminated against Plaintiff with malice or reckless indifference to his state and federally protected rights.

43.   Defendant's conduct constitutes knowing and willful violations of Plaintiff's rights.

44.   As a result of Defendant's unlawful discrimination against Plaintiff, he has suffered and will continue to suffer lost opportunity to complete employment training and to receive anticipated future wages from the career opportunity for which he has struggled.

45.   Plaintiff has no remedy to fully redress the wrongs alleged, and he will continue to suffer irreparable injury from his treatment by Defendant unless Defendant is enjoined by this Court to pay costs of Plaintiff's travel to employment training, and to provide the accommodations for safety required by Plaintiff's disabilities, including orientation and mobility training, adaptive site assessment and modifications, safety training, and safety and accessibility equipment required by Plaintiff for completion of the culinary arts training program in which he is enrolled.

7

## COUNT I:   Maine Human Rights Act (MHRA)

46.   Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

47.   Unlawful discrimination has occurred within the meaning of the MHRA.

48.   As a direct and proximate result of Defendant's unlawful MHRA discrimination, Plaintiff suffered physical injury, emotional distress, loss of employment training time, material costs, and impediment to future employment opportunity.

## COUNT II:   Americans with Disabilities Act (ADA)

49.   Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

50.   Unlawful discrimination has occurred within the meaning of the ADA.

51.   As a direct and proximate result of Defendant's unlawful ADA discrimination, Plaintiff suffered physical injury, emotional distress, loss of employment training time, material costs, and impediment to future employment opportunity.

## COUNT III:   Rehabilitation Act of 1973

52.   Plaintiff repeats and realleges each of the allegations set forth in partagraphs 1 through 44 as if fully set forth herein.

53.   Unlawful discrimination has occurred within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794.

8

54.   As a direct and proximate result of Defendant's unlawful Rehabilitation Act discrimination, Plaintiff suffered physical injury, emotional distress, loss of employment training time, material costs, and impediment to future employment opportunity.

PRAYER FOR RELIEF

55.   Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

a)   Order Defendant to immediately provide required accommodations, including assessment and modification of the environment for safety,  training of staff and Plaintiff, and transportation, so that Plaintiff can resume the employment training program no later than 30 days from the date of this petition;

b)   Enter judgment in his favor;

c)   Declare the conduct engaged in and Defendant to be in violation of Plaintiff's rights;

d)   Enjoin Defendant and its employees from continuing to violate the rights of Plaintiff;

e)   Order that Defendant reasonably accommodate Plaintiff, without further delay;

f)   Order Defendant to pay Plaintiff monetary compensation;

g)   Award Plaintiff equitable relief for intentional infliction if emotional distress;

h)   Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

i)   Award Plaintiff nominal damages;

j)   Award Plaintiff prejudgment interest;  and

k)   Grant to Plaintiff such other and further relief as may be just and proper.

Respectfully requested November 15, 2011, by John M. Millay, Plaintiff, pro se.

9