UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN M. MILLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:11-cv-00438-NT |
| ) | |
| STATE OF MAINE DEPARTMENT OF ) | |
| LABOR, ) | |
| ) | |
| Defendant ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S SECOND MOTION TO AMEND**

Plaintiff John Millay seeks leave to amend his complaint to assert a claim under the "civil action" provision found in the Rehabilitation Act's vocational rehabilitation chapter, 29 U.S.C. § 722(c)(5)(J). Defendant opposes the motion, maintaining that the proposed claim is time-barred and therefore futile and that the relief requested in Plaintiff's plea is unavailable because of the State's Eleventh Amendment immunity. In Reply, Plaintiff concedes that his plea for relief should be restricted to injunctive relief and equitable reimbursement. The Court referred the motion to amend for report and recommendation. I recommend that the Court grant the motion to amend subject to the concessions described herein regarding the appropriate relief requested.

### BACKGROUND

Plaintiff's motion is made in light of the prior Recommended Decision of May 16, 2012, (ECF No. 12), in which I advised the Court to grant Defendant's Motion to Dismiss (ECF No. 7) Plaintiff's previously-asserted claims of discrimination in and exclusion from federally-funded programming, brought under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and parallel claims advanced under the Maine Human Rights Act. This Recommended Decision assumes familiarity with the May

Recommended Decision. As the Court is aware, it has withheld final ruling on Defendant's Motion to Dismiss pending the instant recommendation on Plaintiff's Second Motion to Amend.[1]

### STANDARD FOR AMENDING PLEADINGS

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, prior to trial a party may amend his pleading once, as a matter of course at the outset of litigation, but may only amend the pleading further with the opposing party's consent or with leave of court. Fed. R. Civ. P. 15(a). When leave of court is called for, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard is not difficult to meet and there is no contention in this case that Plaintiff's motion to amend is untimely[2] or otherwise unjustified. Nevertheless, there are certain instances when leave to amend need not be allowed, such as when the amendment would be futile because the amended complaint would fail to state a claim. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.").

### DISCUSSION

Plaintiff concedes that it is appropriate for the Court to dismiss the claims advanced in his original pleading. He has withdrawn his objection to the Recommended Decision on Defendant's Motion to Dismiss (see ECF No. 20) and identifies only the § 722 claim in his proposed second amended complaint (ECF No. 27). The only remaining questions are those raised in Defendant's response to Plaintiff's Second Motion to Amend: (A) whether the § 722 claim is futile because it is time-barred and (B) whether, because of Defendant's Eleventh Amendment immunity, Plaintiff's plea for relief is futile to the extent Plaintiff requests compensatory damages, nominal damages,

---

[1] On July 19, 2012, Plaintiff withdrew his objection to the Recommended Decision. (ECF No. 20.) However, embedded in the Recommended Decision is a statute of limitation issue that was not fully briefed by the parties and which controls the issue of whether the claim proposed in the Second Amended Complaint is viable. (See Report of Tel. Conf. and Order of July 27, 2012, ECF No. 24.) Plaintiff's First Motion to Amend has been mooted and superseded by the Second Motion to Amend. (See ECF No. 16, 21, 24.)

[2] A scheduling order has not yet issued in this case, so there currently is no deadline for the amendment of pleadings.

2

injunctive relief, and attorneys' fees. For reasons that follow, Plaintiff's § 722 claim is not time barred and therefore not futile. As for the scope of the relief requested by Plaintiff, Plaintiff is entitled to request injunctive relief and equitable reimbursement.

A.      The Proposed § 722 Claim Is Not Futile

Defendant contends that the claim described in the vocational rehabilitation chapter of the Rehabilitation Act is logically subject to the 30-day statute of limitation found in Maine Civil Rule 80C(b) and 5 M.R.S. § 11002(3), which govern petitions for judicial review of final agency action or the failure or refusal of an agency to act. (Def.'s Response in Opp'n at 2-5, ECF No. 29.) If Defendant is correct, then Plaintiff's proposed claim would be time barred because he filed suit on November 15, 2011, but received notice of final agency action in May 2011. Plaintiff, on the other hand, argues that the applicable statute of limitation is set by federal law, specifically 28 U.S.C. § 1658(a), which provides: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues." The claim that Plaintiff wishes to pursue under 29 U.S.C. § 722(c)(5)(J) came into existence with an amendment of the Rehabilitation Act in 1998. Therefore, says Plaintiff, his claim is not barred. (Pl.'s Reply at 1-3.) For reasons that follow, in my view Plaintiff has the better argument.

In Jones v. R. R. Donnelley & Sons Co., 541 U.S. 369 (2004), the Supreme Court held that the four-year limitation period found in 28 U.S.C. § 1658(a) applies to hostile work environment, wrongful termination, and failure-to-transfer claims arising under 28 U.S.C. § 1981 because such § 1981 claims were only made available by Congress in a 1991 amendment to the Civil Rights Act of 1866. The Court identified the issue as one that arises in the context of an amended statutory scheme because "§ 1658(a) does not expressly 'address the eventuality when a cause of action arises under two different Acts, one enacted before and one enacted after the effective date of § 1658.'" Id. at 375 (quoting Jones v. R. R. Donnelley & Sons Co., 305 F.3d 717, 724 (7th Cir. 2002)). Looking "beyond

the bare text of § 1658 to the context in which it was enacted and the purposes it was designed to accomplish," id. at 377, the Court explained that Congress passed § 1658 in light of a preexisting judicial practice of borrowing state-law limitations that "spawned a vast amount of litigation" and "generated a host of issues that required resolution on a statute-by-statute basis," including conflict of laws and choice of law issues, and that ultimately resulted in inconsistent rules from state to state and stymied the development of a uniform federal rule on the issue of tolling, id. at 377-379.  The Supreme Court recounted how courts and commentators sought a solution from Congress, causing Congress to create a Federal Courts Study Committee to consider the problem.  Id. at 379-80.  The Supreme Court concluded that the appropriate reading of § 1658 requires that the four-year limitation apply "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." Id. at 382.  Such a rule, the Court explained, "best serves Congress'[s] interest in alleviating the uncertainty inherent in the practice of borrowing state statutes of limitations while at the same time protecting settled interests" and "spares federal judges and litigants the need to identify the appropriate state statute of limitations to apply to new claims but leaves in place the 'borrowed' limitations periods for preexisting causes of action, with respect to which the difficult work already has been done."  Id.

As was the case with the Civil Rights Act claims in Jones, here we have a cause of action that arises under the Rehabilitation Act, which existed prior to 1990, but a cause of action that was not available until a post-1990 amendment to the Act.  As in Jones, the appropriate resolution here is to apply the four-year, catch-all limitation period found in § 1658 because there is no federal law providing otherwise.  Compare, e.g., 47 U.S.C. § 332(c)(7)(B)(v) (Telecommunications Act) (providing for an action for review of local zoning decisions concerning wireless service facilities and supplying a 30-day limitation for commencing an action following final agency action or failure to act).  Had Congress intended to impose the 30-day limitation requested by Defendant, Congress certainly understood the problem and had the means to address it directly.  As it stands, however,

Congress authorized "[a]ny party aggrieved by a final decision" related to vocational rehabilitation services to "bring a civil action for review of such decision," 29 U.S.C. § 722(c)(5)(J), without imposing any particular limitation on the commencement of the action.  Because this claim was made possible by a post-1990 enactment and does not contain any language of limitation on the commencement of the claim, it is subject to the four-year limitation period found in 28 U.S.C. § 1658.

Against this plain language interpretation Defendant advances three arguments, all of which have some surface appeal, but none of which overrides the plain language application advocated above.

### 1.     *Whether this is a "civil action"*

First, Defendant argues that because the § 722 claim is in the nature of a claim for judicial review of an administrative it is not a "civil action" at all and, therefore, § 1658 is inapplicable.  (Def.'s Response at 3-4.)  Although courts and legislatures do differentiate at times between civil actions and petitions for review of agency action, in this circumstance Congress described the § 722 claim for review as a civil action, which corresponds with the language of § 1658.  Moreover, "civil action" is an expansive concept and Defendant's suggestion that the Court restrict the term's meaning to exclude claims involving review of a vocational rehabilitation agency's action is not very inviting, particularly where Congress expressly identified the § 722 claim as a "civil action."  Finally, although the Supreme Court did not address a claim seeking review of agency action in Jones, its formulation of the test for application of § 1658 did not quibble over the scope of the term "civil action."  Rather, the Court indicated that the divining line was whether "the plaintiff's claim against the defendant was made possible by a post-1990 enactment."  541 U.S. at 382.  Plaintiff's claim in this case was made possible by a post-1990 enactment.  I therefore recommend that the Court reject the notion of deciding the issue based on a restrictive construction of what amounts to a civil action.

### *2.     Whether Congress delegated to the states authority to limit § 722 civil actions*

Defendant further argues that Congress delegated to the states the authority to develop their own plans for claim administration, so that any existing state rules can satisfy § 1658's "except as otherwise provided by law" condition.  (Id. at 4, citing 29 U.S.C. §§ 721(a)(6), 722(c)(1), 34 C.F.R. § 361.57(a), and portions of chapter 101 of the Code of Maine Rules.)  Chapter 101 of the Code of Maine Rules includes the following provision, at page 8:

> 5. Judicial Review
>
> Any party who disagrees with the decision resulting from the due process hearing has the right to file a petition in Superior Court under Rule 80C of the Maine Rules of Civil Procedure.

(Def.'s Ex. 1 at 8, ECF No. 29-1.)  Review of Maine Rule 80C otherwise supplies the reference to a 30-day limitation, by further reference to 5 M.R.S. § 11002(3).  In effect, Chapter 101 of the Code of Maine Rules does not state what the statute of limitation is for a Rule 80C action, but supplies the thread that would lead someone there.  Although Defendant can point to an administrative rule that invites the application of a 30-day limitation period, Defendant's references to the Rehabilitation Act and related federal rules do not support the idea that Congress delegated to the states the authority to prescribe the limitation period for § 722 actions.  The Rehabilitation Act directs the states to submit a plan for administering vocational rehabilitation services.  29 U.S.C. § 721.  It does not direct the states or expressly defer to the states to determine the limitation period for judicial proceedings arising from alleged misadministration.  This is reflected in the language of § 722 concerning state procedures, which provides that the states "shall establish procedures for mediation of, and procedures for review through an impartial due process hearing of, determinations made by personnel of the designated State unit that affect the provision of vocational rehabilitation services to applicants or eligible individuals."  Id. § 722(c)(1).  The statute does not similarly provide that the states shall establish procedures for limiting the commencement of actions for judicial review or even procedures for ensuring judicial review.  Instead, when addressing the availability of a "civil action"

the statute specifies the procedure that will occur in any action brought under its auspices. Id. § 722(c)(5)(J)(ii). Although Congress did not expressly indicate under § 722(c)(5)(J) what the limitation period would be for a § 722 civil action, Congress had already enacted a statute that supplied a four-year, catch-all limitation period and gave no indication in § 722 that any other limitation period would apply. Consequently, I recommend that the Court reject Defendant's "except as otherwise provided by law" argument.

       3.    *Whether the better policy is to impose a 30-day limitation period*

Finally, Defendant asserts that it is a better policy to impose a 30-day limitation on claims seeking review of vocational rehabilitation agency action, especially where the Rehabilitation Act provides the state with only 60 days to conduct a due process hearing and 30 days to issue an administrative decision. (Def.'s Response at 5, citing inter alia 29 U.S.C. § 722(I).) Although it is difficult to imagine why a prospective plaintiff would wish to wait four years to commence an action over the denial of vocational rehabilitation services, it does not logically follow that all such actions should be barred upon expiration of a brief 30-day period. In any event, the plain language of 28 U.S.C. § 1658 governs here and the policy argument is unavailing.

**B.**    **Plaintiff's Revised Plea for Injunctive Relief and Equitable Reimbursement Is Not Futile**

Defendant contends that the portion of the Rehabilitation Act addressed to vocational rehabilitation services does not contain a valid waiver of sovereign immunity and therefor Plaintiff cannot obtain money damages, injunctive relief, or attorney's fees. In reply, Plaintiff withdraws his general plea for damages and attorney's fees and states that he will limit his plea to injunctive relief and a plea for "such relief as the court determines to be appropriate" because he still wishes to recoup expenses he incurred as a result of Defendant's refusal to grant him the disputed travel subsidy that underlies this case. (Pl.'s Reply at 3, ECF No. 30.) In other words, the parties agree that Plaintiff

cannot recover tort-like money damages or attorney's fees in this action, but disagree about the scope of injunctive relief and the availability of equitable relief in the form of reimbursement.

The civil action provision found in § 722 states that courts are empowered to "grant such relief as the court determines to be appropriate" 29 U.S.C. § 722(c)(5)(J)(ii)(III).  In the somewhat analogous context of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Congress has imposed a condition on the receipt of federal funds that subjects states to civil actions for "appropriate relief against a government."  42 U.S.C. § 2000cc-2.  In the context of this analogous spending clause legislation, courts have concluded that awards of injunctive relief are clearly appropriate and there is a split of authority on the availability and proper scope of damages awards.  See Van Wyhe v. Reisch, 581 F.3d 639, 653-54 (8th Cir. 2009).  As to the availability of an equitable award of money designed to reimburse a plaintiff for expenses the defendant should have borne, the First Circuit has held that such a remedy is an appropriate remedy, but it has done so in the context of an action under the Individuals with Disabilities Education Act ("IDEA").  Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 19 (1st Cir. 2006);  Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003) (holding that  monetary awards available under the IDEA are limited to "[a]wards of compensatory education and equitable remedies that involve the payment of money, such as reimbursements to parents for expenses incurred on private educational services to which their child was later found to have been entitled").  The IDEA is certainly analogous to the vocational rehabilitation provisions of the Rehabilitation Act and the rule of Diaz-Fonseca and Nieves-Marquez concerning equitable reimbursement in the IDEA context is the surest guide for this Court to follow on this question.[3]

---

[3]  Note, however, that the IDEA includes an express abrogation of state sovereign immunity, 20 U.S.C. § 1403, unlike the vocational rehabilitation chapter of the Rehabilitation Act.  Nevertheless, the express authorization for courts to award "appropriate relief" under § 722 reasonably extends to equitable reimbursement for expenses resulting from a defendant's failure to deliver a service should the Court find that the plaintiff was entitled to the service and incurred the expenses to obtain the service through other means.

## CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court grant Plaintiff's Second Motion to Amend (ECF No. 26) but direct Plaintiff to file an amended complaint that modifies his plea for relief to seek only injunctive relief and equitable reimbursement.  Because the proposed claim is not futile, the Report and Recommended Decision of May 16, 2012, remains the same with respect to Defendant's contention that its administrative decision is entitled to preclusive effect in this action. (See ECF No. 12 at 10-15.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 21, 2012          /s/ Margaret J. Kravchuk
                            U.S. Magistrate Judge