UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JOHN M. MILLAY, ] | |
| ] | |
| **Plaintiff** ] | |
| ] | Docket No. 1:11-CV-00438-NT |
| v. ] | |
| ] | |
| STATE OF MAINE, DEPARTMENT OF ] | |
| LABOR (BUREAU OF ] | |
| REHABILITATION, DIVISION FOR ] | |
| THE BLIND AND VISUALLY ] | |
| IMPAIRED), ] | |
| ] | |
| **Defendant** ] | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff John M. Millay, through his attorney, Brett D. Baber of Lanham Blackwell, PA, submits the following second amended complaint against Defendant State of Maine Department of Labor (Bureau of Rehabilitation, Division for the Blind and Visually Impaired), as follows:

**JURISDICTION AND PARTIES**

1. This action arises pursuant to 29 U.S.C. § 722(c).

2. Plaintiff is a citizen of the United States and a resident of Hancock County, Maine.

3. Defendant is a political subdivision of the State of Maine.

4. The matter in controversy involves a federal question.

5. Plaintiff submitted his claims set forth in this Amended Complaint to a State of Maine administrative hearing officer as required by 29 U.S.C. §722 (c) (5).

6. The State of Maine hearing officer improperly declined to award Plaintiff the benefits that he is legally entitled to pursuant to the Rehabilitation Act.

7. Defendant is subject to the jurisdiction of this Court pursuant to 29 U.S.C. §722 (c) (5) (J).

8. Defendant Maine Department of Labor is a recipient of federal funds.

9. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. 1343 (a)(3) and (a)(4) and 28 U.S.C. 1331.

**CAUSE OF ACTION – JUDICIAL REVIEW OF ADMINISTRATIVE ACTION PURSUANT TO 29 U.S.C. § 722(c).**

10. Plaintiff is totally blind and suffers from post traumatic stress disorder due to significant traumatic life events related to his disability of blindness. Plaintiff was kidnapped from his home and intentionally blinded during childhood in his native country. He was forced by a gang to beg in the streets until his health became impaired. He was taken to an orphanage, where he remained until age twelve.

11. At all material times, Plaintiff had a physical disability and a psychological disability within the meaning of the Rehabilitation Act, 29 U.S.C. §705 (9) in that Plaintiff's disabilities substantially limit his major life activities and is a substantial impediment to his employment.

12. At all material times, Plaintiff requires vocational rehabilitation services to prepare for and to secure gainful employment.

13. Defendant has recognized and agrees that Plaintiff has a record of a physical disability and a psychological disability who qualifies for benefits pursuant to the Rehabilitation Act, 29 U.S.C. § 722.

14. At all material times, Plaintiff was otherwise qualified for services provided by Defendant with or without reasonable accommodations.

15. In January 2010, Defendant's staff person, Jeffrey A. Jones, assisted Plaintiff to enroll in the Penobscot Job Corps culinary arts vocational program, a federally funded program in Bangor, Maine.

16. Plaintiff met all of the qualifications for enrollment in this program.

17. The culinary arts program is a day program, no portion of which takes place in the residential part of the Penobscot Job Corps campus.  Although Penobscot Job Corps program participants from other states and regions of Maine outside of the Bangor area may reside on campus, Plaintiff was informed by Penobscot Job Corps staff that due to his blindness and due to the restive nature of the campus, he would be served as a commuter student.

18. Due to his disabilities, there was a serious and appreciable risk to Plaintiff's physical safety and to his personal adaptive equipment and other property if Plaintiff resided on the Penobscot Job Corps' campus.

19. During the meetings in July 2010 with Defendant's staff, Penobscot Job Corps personnel and Plaintiff all agreed that Plaintiff would not live on campus but he would commute from his home in Hancock County.

20. Job Corps personnel stated that it would only provide its standard transportation reimbursement for up to 27 miles round trip daily.

21. Plaintiff stated that he would require transportation 46 miles each way, and he needed reimbursement for a driver since no public transportation was available.

22. When Defendant failed to assist, the Maine Disability Rights Center, on behalf of Plaintiff, requested this accommodation of Defendant, but Defendant insisted that Plaintiff reside on campus, with the cost to be borne by the Job Corps Program.

23. Plaintiff's admission to Job Corps was then further delayed until February 2011, at which time Plaintiff's family arranged to begin dropping him off and picking him up daily, involving round trip travel of four hours daily, so that he could attend the program.

24. During the administrative hearing, Defendant claimed that Plaintiff's disabilities of blindness and post-traumatic stress disorder did not qualify him for accommodations.

25. Plaintiff's family vehicle, overtaxed by the four hours' daily drive, became no longer fit to transport him.

26. Plaintiff faithfully attended and materially participated in all trainings, meetings and activities at Job Corps to the extent that he had available transportation.

27. Due to the loss of transportation, Plaintiff's progress in his employment training program was often interrupted, despite his extraordinary effort to participate.

28. At all material times, Defendant disregarded objective medical information and failed to engage in a meaningful dialogue regarding Plaintiff's medical conditions and the need for transportation accommodations.

29. Defendant unlawfully failed to provide the benefits to which Plaintiff was entitled to pursuant to 29 U.S.C. § 722 and the State of Maine Department of Labor regulations, particularly Ch. 101, § 9(13).

30.  As a result of Defendant's unlawful actions against Plaintiff, he incurred commuting expenses in the amount of more than $11,000.

## REQUESTS FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

a)  Determine that the Administrative Law Judge erred by failing to determine that Defendant should be required to pay to Plaintiff the commuter subsidy which he is entitled to pursuant to 29 U.S.C. § 722 and the State of Maine Department of Labor regulations, particularly Ch. 101, § 9 (13);

b)  Enjoin Defendant and its employees from future violations of the rights of Plaintiff pursuant to the Rehabilitation Act of 1973;

c)  Order Defendant to pay Plaintiff equitable reimbursement due to Defendant's failure to pay the commuter subsidy;

e)  Award Plaintiff prejudgment interest and costs; and

f)  Grant to Plaintiff such other and further relief as may be just and proper.

Respectfully submitted this 6th day of December, 2012

/s/ Brett D. Baber_____
Brett D. Baber, Esq., Bar No. 3143
Lanham Blackwell, PA
Attorneys for Plaintiff
133 Broadway
Bangor, ME  04401
(207) 942-2898

## **CERTIFICATE OF SERVICE**

I, Brett D. Baber, hereby certify that I have served a true and correct copy of the foregoing Plaintiff's Second Amended Complaint upon Susan P. Herman, Assistant Attorney General via electronic filing. Notice of this filing was sent to all parties by operation of the Court's electronic filing system this 6th day of December, 2012.

Dated: December 6, 2012            /s/ Brett D. Baber
                                   Brett D. Baber, Esq.
                                   LANHAM BLACKWELL, P.A.
                                   Attorneys for Plaintiff
                                   133 Broadway
                                   Bangor, ME  04401
                                   Tel:  (207) 942-2898