# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JOHN M. MILLAY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil no. 1:11-cv-00438-NT ) |
| STATE OF MAINE DEPARTMENT OF LABOR *Bureau of Rehabilitation Services Division for the Blind and Visually Impaired,* | ) ) ) ) ) ) ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION FOR CERTIFICATE OF APPEALABILITY

### BACKGROUND

In November of 2011, the Plaintiff, John Millay, brought a civil action against the Defendant, the State of Maine Department of Labor Bureau of Rehabilitation Services, Division for the Blind and Visually Impaired (the "DBVI"), alleging that the DBVI discriminated against him by denying him certain rehabilitation services. Pl's Compl. and Demand for Jury Trial (ECF No. 1). The Defendant moved to dismiss the complaint, and Magistrate Judge Kravchuk issued a recommended decision, which the Court affirmed, granting the motion to dismiss but recognizing that the Plaintiff might have a viable claim against the Defendant under 29 U.S.C. § 722(c)(5)(J). *See* Rec Dec. (ECF No. 12); Order Affirming the Rec. Dec. of the Magistrate Judge (ECF No. 32).

The Plaintiff then moved to amend his complaint to assert a claim under 722(c)(5)(J), and Judge Kravchuk issued a recommended decision granting the motion. Rec. Dec. on Pl.'s Second Mot. to Amend (ECF No. 31). In her recommended decision, Judge Kravchuk concluded that under the Supreme Court's decision in *Jones v. R. R. Donnelly & Sons Co.*, 541 U.S. 369 (2004), and the plain language of section 1658, section 1658(a)'s four-year statute of limitations applies to 722(c)(5)(J) actions. Therefore, the Plaintiff's proposed claim remained timely, and amendment was not futile. The Court affirmed the recommended decision. Order Affirming the Rec. Dec. of the Magistrate Judge (ECF No. 35).

The Defendant now moves the Court to certify for interlocutory appeal under 28 U.S.C. § 1292(b) the following issue:

> Whether Maine's 30 day statute of limitation for judicial review of state administrative decisions (the most analogous state law statute of limitations) or the federal catch-all four year statute of limitations contained in 28 U.S.C. § 1658(a) applies to claims under 29 U.S.C. § 722(c)(5)(J).

Def.'s Mot. for Certification of Order for Interlocutory Appeal and for Stay of Proceedings (ECF No. 37). For the reasons briefly stated below, the Defendant's motion is **DENIED**.

## DISCUSSION

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1929(b). "Certifications under § 1292(b) are not looked upon with favor by the First Circuit." *Lawson v. FMR LLC*, 724 F. Supp. 2d 167, 168 (D. Mass. 2010). The First Circuit has "repeatedly emphasized that 'interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (2005) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1); *see Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) (such appeals are "hen's-teeth rare"). "As a general rule," the First Circuit does not grant interlocutory appeals from a denial of a motion to dismiss. *Caraballo-Seda*, 395 F.3d at 9; *see McGillicuddy*, 746 F.2d at 76 n.1.

The Court disagrees that there is substantial ground for difference of opinion as to the applicability of section 1658(a), or that the Defendant's issue for interlocutory appeal presents "one or more difficult and pivotal questions of law not settled by controlling authority." The Court declines to revisit the Defendant's arguments to the contrary, which were thoughtfully rejected in Judge Kravchuk's recommended decision, which the Court affirmed.

## CONCLUSION

The Defendant's Motion for Certification of Order for Interlocutory Appeal and for Stay of Proceedings is hereby **DENIED**.

SO ORDERED.

Dated this 8th day of January, 2013.

/s/ Nancy Torresen
United States District Judge