UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN M. MILLAY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:11-cv-00438-NT |
| | ) |
| STATE OF MAINE DEPARTMENT OF LABOR, | ) |
| | ) |
|     Defendant | ) |

**ORDER RE: PLAINTIFF'S MOTION
TO SUPPLEMENT THE RECORD
(ECF No. 46)**

John Millay seeks to supplement the administrative record by adding three documents: (1) evidence of satisfactory completion of the Penobscot County Job Corps program; (2) a declaration by Joanne Millay describing the transportation expenses she incurred; and (3) a vocational evaluation regarding vocational needs that was prepared before the current action arose. I now grant in part and deny in part the request to supplement and further order that a new briefing schedule be established in accordance with the original scheduling order, giving the plaintiff 30 days from today's date to file his brief in support of vacating the administrative order.

I agree with the defendant that the process for judicial review under 29 U.S.C. § 722(c) is very similar to the judicial review process established under the Individuals with Disabilities Education Act ("IDEA") and the standards developed for supplementation of the administrative record in IDEA cases are useful when applied in the context of this administrative review. The First Circuit has held in an IDEA case that leave to supplement the record should only be granted when the moving party presents "solid justification for doing so." Roland M. v. Concord Sch.

1

Comm., 910 F.2d 983, 996 (1st Cir. 1990). The First Circuit has recognized that evidence pertaining to the individual's educational progress since the date of the administrative hearing may in appropriate circumstances be relevant to supplement the record. Town of Burlington v. Dep't of Educ., 736 F.2d 773, 790 (1st Cir. 1984) (indicating that one of four categories of permitted supplementation of the administrative record is for "evidence concerning relevant events occurring subsequent to the administrative hearing").

Applying this standard to the documentation Millay wishes to file, I conclude that the only possible supplementation that is allowable is the evidence pertaining to Millay's completion of the Penobscot Job Corps program. Even that supplementation is of only marginal relevance, but it is the type of evidence that provides some additional background to the dispute and it was not available at the time of the administrative hearing.

As to the other two items, based on Joanne Millay's own letter, the vocational rehabilitation report is discredited and in any event could have been presented to the hearing officer at the time of the initial proceedings. It might prove appropriate at a later date to submit Ms. Millay's personal declaration regarding costs incurred in transporting the plaintiff to the Job Corps Program, if Millay prevails in this litigation. However, it is also possible that if Millay prevails the court might order the case remanded to the hearing officer to determine "damages" in the first instance. In any event, it is unnecessary to cross that bridge unless and until the court determines that the administrative hearing officer erred in failing to award transportation expenses beyond those authorized by the applicable regulation.

Based on the foregoing, the administrative record may be supplemented with paper copies, filed under seal, of evidence that John Millay has satisfactorily completed his vocational

training program at Penobscot Job Corps, including certificates of accomplishment for various aspects of his program. In all other respects the motion to supplement is denied.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
April 2, 2013                                /s/ Margaret J. Kravchuk
                                             U.S. Magistrate Judge